## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEX PETERSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-4538** |
| | : | |
| **VALLERIE FRANRAK,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 4th day of December, 2025, upon consideration of Plaintiff Alex

Peterson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account

Statement (ECF No. 2), and *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Peterson, #AS-3208, shall pay the full filing fee of $350 in installments, pursuant

to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20%

of the greater of (a) the average monthly deposits to Peterson's inmate account; or (b) the

average monthly balance in Peterson's inmate account for the six-month period immediately

preceding the filing of this case.  The Superintendent or other appropriate official shall calculate,

collect, and forward the initial payment assessed pursuant to this Order to the Court with a

reference to the docket number for this case.  In each succeeding month when the amount in

Peterson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate

official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Peterson's inmate account until the fees are paid.  Each payment shall refer to

the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4.      The Complaint is **DEEMED** filed.

5.      For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITH PREJUDICE**: claims asserted under the Health Insurance Portability and Accountability Act ("HIPAA"), due process claims based on the disclosure of medical information, claims based on the alleged failure to protect Peterson's right to maintain the privacy of his medical information, claims based on failure to investigate Fanrak's conduct and prosecute her, claims against Sipple and Moore arising from their participation in the grievance process, and claims based on failure to adhere to DOC policies.

6.      The Clerk of Court is **DIRECTED** to **TERMINATE** the following as Defendants:  Kertes, Dusal, and Kerri Moore,

7.      Peterson's supervisory liability claims against Sipple, Wynumis, and Theobilli are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8.      The Clerk of Court is **DIRECTED** to send Peterson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

9.      Peterson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against Sipple, Wynumis, and Theobilli.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Peterson's claims against each defendant, and shall bear the title "Amended Complaint" and the

2

case number 25-4538.  If Peterson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Peterson's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **Claims that are not included in the amended complaint will not be considered part of this case.  However, claims that have already been dismissed with prejudice should not be included in the amended complaint.**  When drafting his amended complaint, Peterson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10.    Peterson's requests for default (ECF Nos. 8 and 9) are **DENIED AS MOOT**.

11.     If Peterson does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Vallerie Fanrak **only** for a responsive pleading on his retaliation claim.  Peterson may also notify the Court that he seeks to proceed only on this claim rather than file an amended complaint.  If he files such a notice, Peterson is reminded to include the case number for this case, 25-4538.

12.    The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ Kelley B. Hodge
_____

**KELLEY BRISBON HODGE, J.**

3